UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

SANDY GOMEZ,

Defendant.

**ORDER**

15 Cr. 348 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

On November 21, 2023, Defendant Sandy Gomez filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), arguing that he is eligible for a sentence reduction under Amendment 821 to the Sentencing Guidelines. (Dkt. No. 278)  The Government opposes the Defendant's application. (See Govt. Opp. (Dkt. No. 288))

For the reasons stated below, the motion will be denied.

## BACKGROUND

On June 10, 2015, the Government filed an indictment charging Sandy Gomez ("Gomez"), Jorge Gomez, and Carolina Ramon-Baez with conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Indictment (Dkt. No. 1))

On November 10, 2016, a jury convicted Gomez of the Section 841(b)(1)(A) conspiracy charge. (Trial Tr. (Dkt. No. 131) at 164)  The evidence at trial demonstrated that Gomez – who was arrested in possession of five kilograms of cocaine – had conspired to distribute and possess with intent to distribute 50 to 100 kilograms of cocaine. (May 2, 2017 Sent. Tr. (Dkt. No. 172) at 9-10)  Gomez also committed perjury at trial, and obstructed justice,

by attempting to persuade a Government cooperating witness to blame the cocaine trafficking offense on his brother, Jorge Gomez. (Id. at 10, 15)

At sentencing, Gomez faced a Sentencing Guidelines range of 188 to 235 months' imprisonment. (Id. at 20) This Court granted a modest variance, sentencing Gomez to 164 months' imprisonment. The Court concluded that a variance was appropriate in light of, inter alia, Gomez's age, good behavior while on pretrial release, employment history, and lack of a criminal record over the eighteen years that preceded the instant case. (Id. at 30-31; Judgment (Dkt. No. 174) at 2)

On September 22, 2021, Gomez filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 262) This Court denied that motion on January 5, 2022. (Dkt. No. 265)

On November 21, 2023, Gomez filed the instant motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. (Dkt. No. 278) The Government filed an opposition brief on January 29, 2024. (Dkt. No. 288)

## DISCUSSION

Gomez argues that he is eligible for a sentence reduction under the "Zero-Point Offender" provision in Amendment 821 to the Sentencing Guidelines. (Dkt. No. 278) On December 13, 2023, the Probation Department filed a Supplemental Presentence Report in which it confirms that Gomez qualifies as a "Zero-Point Offender" under Amendment 821. (Supp. PSR (Dkt. No. 279) at 1-3) The Government argues, however, that the Section 3553(a) factors weigh against granting a sentence reduction. (Govt. Opp. (Dkt. No. 288) at 1-4)[1]

---

[1] The Government does not analyze whether the "Zero-Point Offender" provision in Amendment 821 applies to Gomez. The Government instead states that, "[a]ssuming arguendo

2

A.     **Legal Standard**

18 U.S.C. § 3582(c)(2) provides that,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id.; see also U.S.S.G. § 1B1.10 ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . , the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).")

Section 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 [of the Sentencing Guidelines] before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Dillon v. United States, 560 U.S. 817, 826 (2010). Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." See also U.S.S.G. § 1B1.10 n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a),

---

that the defendant qualifies for potential relief, the Court should nevertheless deny the motion." (Govt. Opp. (Dkt. No. 288) at 2)

which is determined before consideration of any departure provision in the Guidelines Manual or any variance).").

Where a court decides that the Section 3553(a) factors warrant a sentence reduction, Section 1B1.10(b) of the Guidelines provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A); see Dillon, 560 U.S. at 826 ("A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive.  The court is also constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'" (quoting 28 U.S.C. § 994(u)).

Amendment 821 to the Sentencing Guidelines – which became effective on November 1, 2023, and which applies retroactively[2] – provides that a two-level reduction in offense level is appropriate for certain defendants with no criminal history points.  Under the new Section 4C1.1 of the Guidelines, a two-level reduction is appropriate

> [i]f the defendant meets all of the following criteria:
>
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;

---

[2] See Amendment to the Sentencing Guidelines, United States Sentencing Commission (Aug. 31, 2024), available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf.

4

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense);

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role); and

(11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. § 4C1.1(a).

**B.   Analysis**

Gomez contends that he qualifies for a two-level reduction in his offense level under the zero-point offender provision, which renders him eligible for a sentence reduction. (Def. Br. (Dkt. No. 278) at 1)  The Probation Department agrees that Gomez is eligible for a sentence reduction under Amendment 821. (Supp. PSR (Dkt. No. 279) at 1-3)  As noted above, the Government does not address whether Gomez is eligible for a sentence reduction under Amendment 821. (Govt. Opp. (Dkt. No. 288) at 2)

As to the criteria for a sentence reduction under U.S.S.G. § 4C1.1, this Court found at sentencing that Gomez has no criminal history points. (May 2, 2017 Sent. Tr. (Dkt. No. 172) at 17)  And this Court agrees with the Probation Department that the remaining criteria for eligibility set forth in Section 4C1.1 are satisfied here.

5

As to the condition set forth in U.S.S.G. § 4C1.1(a)(3) – which disqualifies defendants who use "violence or credible threats of violence in connection with the offense" – this Court has considered whether Gomez's warning to a Government cooperator not to assist the Government constitutes a "credible threat[] of violence." The Pre-Sentence Report ("PSR") describes this incident as follows:

> Following the[] indictment in this case, [Gomez] warned [a Government cooperating witness] against cooperating with the Government. In February 2016, . . . [Gomez] told [the witness], "Snitches get their throats cut. Don't talk." [Gomez] then instructed [the witness] to claim falsely that [Gomez] did not know the drugs were in the car, and that Jorge Gomez had put them there without [Gomez] . . . knowing.

(PSR (Dkt. No. 279) ¶ 20)

While this Court found – at sentencing – that Gomez's warning constitutes obstruction of justice (May 2, 2017 Sent. Tr. (Dkt. No. 172) at 15-16), his conduct does not constitute "violence or [a] credible threat[] of violence." U.S.S.G. § 4C1.1(a)(3). Indeed, there is no evidence in the PSR that Gomez has ever engaged in violence or been associated with an act of violence. Accordingly, the Court concludes that he is a zero-point offender under U.S.S.G. § 4C1.1(a).

As to the Section 3553(a) factors, this Court analyzed them as follows in connection with Gomez's previous motion for compassionate release:

> Gomez conspired to distribute and possess with intent to distribute 50 to 100 kilograms of cocaine. He perjured himself at trial and has never accepted responsibility for his crime. He also obstructed justice by suborning perjury from a co-conspirator who had become a cooperating witness. Finally, Gomez had previously been convicted of a cocaine trafficking offense, for which he had received a sentence of one to three years' imprisonment. (PSR ¶ 40) His prior conviction and sentence had no deterrent effect, indicating that a lengthy sentence of imprisonment was necessary.

(Jan. 5, 2022 Order (Dkt. No. 265) at 7)

Moreover, in sentencing Gomez to 164 months' imprisonment, this Court granted a variance from the Guidelines range of 188 to 235 months. (May 2, 2017 Sent. Tr. (Dkt. No. 172) at 17, 33) The imposed sentence of 164 months' imprisonment falls within the Guidelines range of 151 to 188 months that would apply if the Defendant were granted a two-level reduction as a zero-point offender. (See Supp. PSR (Dkt. No. 279) at 3)

In seeking a sentence reduction, Gomez cites his lack of disciplinary infractions while incarcerated,[3] his completion of educational programming, his employment while incarcerated, and the fact that he has obtained his GED. (Def. Br. (Dkt. No. 278) at 2) While the Defendant's post-conviction conduct is commendable, it is not so extraordinary as to outweigh the negative considerations cited above, including his repeated involvement in drug trafficking; the enormous amount of cocaine involved in the instant offense; and his perjury and obstruction of justice. This record indicates that Gomez presents a danger to the community.

The Court concludes that the Section 3553(a) factors weigh against granting the Defendant's application for a sentence reduction.

---

[3] Gomez contends that he "has not been subject to a single disciplinary action of any kind or type through the entire duration of his incarceration." (Def. Br. (Dkt. No. 278) at 2) The Probation Department reports, however, that disciplinary sanctions were imposed on Gomez on December 15, 2019 and February 9, 2020 for "Possessing a Hazardous Tool." (Supp. PSR (Dkt. No. 279) at 4) The sanctions imposed on Gomez included a loss of good-time credit, disciplinary segregation, loss of commissary, and loss of visiting privileges for a year. (Id.)

## **CONCLUSION**

For the reasons stated above, Defendant's motion for a sentence reduction (Dkt. No. 278) is denied. The Clerk of Court is directed to terminate the motion.

Dated: New York, New York
       November 21, 2024

                                      SO ORDERED.

                                      _____
                                      Paul G. Gardephe
                                      United States District Judge